UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL W. GAHAGAN | CIVIL ACTION |
| v. | NO. 16-15438 |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES | SECTION "F" |

<u>ORDER AND REASONS</u>

Before the Court is the plaintiff's motion for summary judgment. For the reasons that follow, the motion is GRANTED in part and the remaining issue is taken under submission pending supplemental papers by United States Citizenship and Immigration Services.

**Background**

This lawsuit arises out of a government agency's alleged failure to adequately search for and produce a single agency record requested by the plaintiff, an attorney, in connection with the plaintiff's client's ongoing immigration removal proceeding.

Michael W. Gahagan is an immigration attorney. He was hired to represent a client in connection with that client's pending removal proceedings at the New Orleans, Louisiana Executive Office

1

for Immigration Review (Immigration Court).[1]   On July 13, 2016, pursuant to the Freedom of Information Act, Mr. Gahagan requested by U.S. Postal Service certified mail, return receipt, one specific agency record that is in the possession and control of the United States Citizenship and Immigration Services (USCIS).   Mr. Gahagan wrote:

> Specifically, I am requesting a copy of my client's Form I-485 Receipt Notice (I-797C, Notice of Action), which was not produced to either [Mr. Gahagan's client] or undersigned counsel as required by law.

Mr. Gahagan described the one-page Form I-485 Receipt Notice he was requesting, stated that he was filing the FOIA request in connection with his client's removal proceedings, and he requested that "the document be disclosed within 20 working days as mandated by FOIA."

According to Mr. Gahagan, Mr. Gahagan's client is married to a United States citizen and USCIS has already ruled that he has a bona fide marriage with his U.S. citizen wife through the approval of a USCIS Form I-130, Petition for Alien Relative, making Mr. Gahagan's client eligible to apply for Lawful Permanent Resident

---

[1] Mr. Gahagan suggests that his client wishes to remain anonymous and that his identity is irrelevant to these proceedings in which Mr. Gahagan is the FOIA requester and proper plaintiff.   The defendant does not object.

status with the Immigration Judge, and to terminate his removal proceedings.  To apply for lawful Permanent Resident status while in removal proceedings, Mr. Gahagan avers that he must file on behalf of his client a copy of his USCIS Form I-485, Application to Register Permanent Residence or Adjust Status with USCIS; and that USCIS has a regulatory duty to issue a Form I-485 Receipt Notice to Mr. Gahagan and his client.  Mr. Gahagan must then file the Form I-485 Receipt Notice with the Immigration Judge in order to request Lawful Permanent Residence status from the Immigration Judge.  Until the Immigration Judge is given a copy of the Form I-485 Receipt notice, Mr. Gahagan underscores, he does not have jurisdiction to adjudicate Mr. Gahagan's client's request for Lawful Permanent Residence status, nor can the Immigration Judge terminate the removal proceedings against Mr. Gahagan's client. Mr. Gahagan submits that, although he properly filed his client's Form I-485 request with USCIS on October 27, 2015, USCIS failed to mail a Form I-485 Receipt Notice to either Mr. Gahagan or his client, which has caused his client's case to be continued for one year while he attempts to obtain the Form I-485 Receipt Notice through FOIA and now through this FOIA lawsuit.[2]

---

[2] In his supplemental papers, Mr. Gahagan recounts a sordid history of USCIS's interactions with his client, including at least two other FOIA lawsuits proceeding before two different Sections of this Court.  The Court would observe that perhaps each of these

USCIS acknowledged receipt of Mr. Gahagan's FOIA request, which was filed with the USCIS National Records Center on July 13, 2016. The receipt number for the USCIS FOIA request is NRC2016095617. Believing that USCIS failed to conduct a legally adequate search for the requested agency record, and because USCIS had not yet produced the agency record, Mr. Gahagan sued USCIS on October 11, 2016 in this Court, seeking declaratory and injunctive relief. Mr. Gahagan alleges that he has been irreparably harmed because of the unlawful delay and withholding of USCIS in providing the requested information and, without the requested information, he will be unable to adequately prepare to defend his client in his client's removal proceedings and that plaintiff's client accordingly will be deprived of procedural due process and ineffective assistance of counsel. Mr. Gahagan alleges that he has exhausted the applicable administrative remedies and seeks an award of attorney's fees, costs, and expenses under FOIA.

Mr. Gahagan now seeks summary judgment in his favor; he submits that he "has received no production of any records...nor has Plaintiff received any final disposition from USCIS stating that it has not found records as of the date of this filing." He

---

cases is related such that the plaintiff or USCIS should file a notice of related cases consistent with the Court's Local Rules and end what looks like forum shopping.

further submits that the required <u>Vaughn</u> index, fully describing the search methods employed and individually describing the lawful basis for any exemption, has not been produced to Plaintiff as mandated by FOIA.  Meanwhile, USCIS submitted a declaration stating that it could not find the requested record, but it turned over a recreated (and redacted) Receipt Notice to the plaintiff.  The Court ordered USCIS to produce to the plaintiff and file under seal with the Court an unredacted recreated Receipt Notice and ordered supplemental briefing by the parties addressing whether, in the absence of an original record, provision of a functional equivalent record satisfies USCIS's FOIA obligation.

I.

*A.*

*Traditional Summary Judgment Standard*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  A genuine dispute of fact exists only "if the evidence is such that a

reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Ultimately, "[i]f the evidence is merely colorable . . . or is not significantly probative," summary judgment is appropriate. Id. at 249 (citations omitted); see also Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted) ("[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of a claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must adduce competent evidence, including but not limited to sworn affidavits and depositions, to buttress his claims. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). However, affidavits or pleadings which contradict earlier deposition testimony cannot create a genuine issue of material fact sufficient to preclude an entry of summary judgment. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996); Thurman v. Sears, Roebuck & Co., 952 F.2d 128, 137 n. 23 (5th Cir. 1992).

In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  Scott v. Harris, 550 U.S. 372, 378 (2007) (citations omitted).  Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

*B.*

*Modified Summary Judgment Standard*

Most FOIA cases are resolved at the summary judgment stage. Flightsafety Servs. Corp. v. Dep't of Labor, 326 F.3d 607, 610 (5th Cir. 2003).  "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'"  United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989)(citing 5 U.S.C. § 552(a)(4)(B)).  Thus, the FOIA modifies the traditional summary judgment standard insofar as it places the burden on the agency to establish the validity of its action

7

including any decision to withhold information.  Id. at 610-11.
"Summary judgment is available to the defendant in a FOIA case
when the agency proves that it has fully discharged its obligations
under FOIA, after the underlying facts and the inferences to be
drawn from them are construed in the light most favorable to the
FOIA requester."  Miller v. Dep't of State, 779 F.2d 1378, 1382
(8th Cir. 1985)(citation omitted).

## II.

Part of the Administrative Procedure Act, the Freedom of
Information Act "was enacted to 'pierce the veil of administrative
secrecy and to open agency action to the light of public scrutiny."
Batton v. Evers, 598 F.3d 169, 175 (5th Cir. 2010).  "Congress
created nine exemptions to its general policy of full agency
disclosure under the FOIA 'because it realized that legitimate
governmental and private interests could be harmed by release of
certain types of information.'"  Flightsafety Services Corp. v.
Department of Labor, 326 F.3d 607, 611 (5th Cir. 2003)(citation,
internal quotations omitted).  "[T]he threshold question in any
FOIA suit is whether the requester can even see the documents the
character of which determines whether they can be released."
Batton, 598 F.3d at 175.

The FOIA obliges federal agency compliance with requests to make their records available to the public, unless the requested records fall within at least one of nine categories of exempt material.   See 5 U.S.C. § 552(a), (b).   The exemptions to disclosure are limited by statute and, thus, construed narrowly. Batton, 598 F.3d at 175 ("Thus, in a FOIA case, a court 'generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions.'").   Under the FOIA, if an agency improperly withholds documents, the Court has jurisdiction to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).   The FOIA requires that "the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section."   Id.   Notably, "the burden is on the agency to sustain its action."   Id.; U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 755 (1989)("Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine

the matter de novo.'"). The Court must "accord substantial weight to an affidavit of an agency concerning the agency's determination as to the technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B)." 5 U.S.C. § 552(a)(4)(B).

Agency affidavits are entitled to a "presumption of legitimacy" unless there is evidence of bad faith in handling the FOIA request. Batton, 598 F.3d at 176 (quoting U.S. Dep't of State v. Ray, 502 U.S. 164, 179 (1991)). "The presumption of legitimacy, however, does not relieve the withholding agency of its burden of proving that the factual information sought falls within the statutory exemption asserted." Id. (citation omitted). If a requested record contains information that is exempt from disclosure under one of the FOIA exemptions, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b).

Within 20 days of receiving a FOIA request, the agency must determine whether it will comply and "immediately notify the person making such request of...such determination and the reasons therefor." Id. § 552(a)(6)(A)(i). When an agency withholds responsive information, the plaintiff may request that the agency

10

be compelled "to produce a more detailed index identifying the documents located in response to his FOIA request and articulating a basis for the withholding of each document ('a Vaughn index')." Batton, 598 F.3d at 174.   "A Vaughn index is a routine device through which the defendant agency describes the responsive documents withheld or redacted and indicates why the exemptions claimed apply to the withheld material."   Id. (quoting Jones v. FBI, 41 F.3d 238, 241 (6th Cir. 1994)).

### III.

### *A.*

As a threshold matter, the Court considers whether USCIS's search for the responsive record was adequate.   Mr. Gahagan submits that USCIS has not conducted a legally adequate search, arguing that "[t]o date, USCIS has still not searched for the requested record, nor has USCIS even made a bald assertion that it has searched for the record, in clear violation of FOIA."   USCIS counters that its search was adequate and reasonable, even though the record was not located because USCIS does not typically retain copies of Receipt Notices, considering that Mr. Gahagan's client's A-file was searched and its CLAIMS database was searched.

"An agency may demonstrate that it conducted an adequate search by showing that it used 'methods which can reasonably be expected to produce the information requested.'"   Batton, 598 F.3d

at 176 (quoting Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990)).    To demonstrate the reasonableness of its search, the agency may submit nonconclusory affidavits that explain in reasonable detail the scope and method of the agency's search.  Brown v. Federal Bureau of Investigation, 873 F. Supp. 2d 388, 399 (D.D.C. 2012)(citing Stenberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994)). The Court will afford agency affidavits a "presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"   Id. (quoting SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991)(internal quotations and citations omitted).   "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was not conducted in good faith." Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996)(citing Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985)).

In support of its contention that its search was adequate, USCIS relies on three declarations: two by Monica Martinez, a Section Chief assigned to the Texas Service Center of the Department of Homeland Security, USCIS Division; and one by Jill A. Eggleston, the Associate Center Director in the FOIA Privacy Act Unit of the National Records Center of USCIS.  In response to

12

Mr. Gahagan's FOIA request in this matter, Ms. Eggleston states that: she oversaw and coordinated the search conducted by USCIS; his request was received on August 1, 2016; the National Records Center concluded upon receipt of the request for the I-797C Receipt Notice that if the record was available, it would be located in an A-file at the National Records Center in Lee's Summit, Missouri; the National Records Center conducted a general search for records, located an A-file bearing the plaintiff's client's name and A-number and sent a memo to Immigration and Customs Enforcement's New Orleans office requesting a search for records responsive to Mr. Gahagan's request; National Records Center determined that the I-797C Notice of Action requested by Mr. Gahagan could not be located in the A-file.

In her two declarations, Ms. Martinez states that: USCIS's Computer Linked Application Information System (CLAIMS) database shows that, on or about November 3, 2015, an I-797C Notice of Action ("Receipt Notice") for SRC 1602350294 was mailed to the plaintiff's client's home address; the application remains pending; once an application is filed with USCIS, data from that application is put into CLAIMS, a USCIS database; depending on what is needed or the action taken by USCIS, notices or documents are generated from this information; there is no database that retains copies of I-797Cs, rather, if a new I-797C is needed, it

13

is generated from the information in CLAIMS; the Receipt Notice for Mr. Gahagan's client was not returned as undeliverable to USCIS; USCIS does not typically retain copies of I-797C Receipt Notices for its records; a search of CLAIMS would not and did not reveal any I-797C Receipt Notices; CLAIMS will only provide the biometric data that can be used to recreate an I-797C.

Based on this factual predicate, ordinarily the Court could find that USCIS had conducted an adequate search.  However, Mr. Gahagan in his supplemental papers references a prior case where USCIS submitted a declaration from Ms. Eggleston regarding the exact type of record sought here, a Receipt Notice, in which Ms. Eggleston stated:

> In this case, the [National Records Center] reached out to the TSC and asked them to do another search. Following an additional search, the TSC confirmed that they no longer had a receipt file for the individual because USCIS did not have jurisdiction over the application. However, the [Texas Service Center] was able to retrieve an archive copy of the [Louisiana Executive Office for Immigration Review] receipt notice that was generated by the Computer Linked Application Information Management System 3 (CLAIMS 3) database automatically when USCIS initially received a copy of Plaintiff's application.

See Record Document 8-2 (at page 6, ¶ 21), Civil Action Number 15-796.  The facts underlying this sworn declaration in another case regarding a search conducted for the same sort of record requested

14

here calls into question the reasonableness of the search conducted in this case.  The Court finds that this sworn statement, which directly bears on whether or not a search of CLAIMS could reveal an archived I-797C Receipt Notice, and conflicts with Ms. Martinez's statement that it could not, creates a factual controversy regarding whether or not USCIS conducted an adequate search of the CLAIMS system.[3]  Accordingly, the Court orders that another search of the CLAIMS system must be conducted and, within five days, counsel for USCIS must submit supplemental papers along with a supplemental declaration explaining: (a) how the original search of CLAIMS as well as the additional search now ordered were accomplished; (b) confirming whether or not an archived copy of the requested Receipt Notice was automatically generated when USCIS initially received Mr. Gahagan's client's application; and (c) explaining the apparent discrepancy between (i) Ms. Eggleston's Declaration dated May 5, 2015 in Record Document 8-2 of Civil Action Number 15-796 in which she states under penalty of perjury that "an archive copy of the...receipt notice...was generated by the [CLAIMS 3] database automatically when USCIS

---

[3] Notably, in her initial declaration, Ms. Martinez did not state that USCIS had even searched for the requested record.  The statement that "[a] search of CLAIMS would not, and did not reveal any I-797C Receipt Notices" was not made until her second declaration, which was attached to USCIS's supplemental paper filed on December 12, 2016.

15

initially received a copy of Plaintiff's application" and (ii) Ms. Martinez's declarations in this matter in which she states under penalty of perjury that "There is no database that retains copies of I-797C's."

*B.*

Pending the additional search for an archived record that is responsive to the plaintiff's FOIA request, the Court withholds ruling on whether or not production of a recreated or functional equivalent record satisfies USCIS's obligation.  However, Mr. Gahagan submits that "USCIS has not produced to Plaintiff the unredacted document that it previously filed into the record" as of December 12, 2016.  This is unacceptable.  The Court ordered that "not later than 5:00 p.m. on Friday, December 9, 2016, USCIS must turn over to the plaintiff and file into the record under seal the unredacted receipt notice."  See Order dtd. 12/8/16.  Not later than 5:00 p.m. twenty-four hours from the date of this Order and Reasons, counsel for USCIS is ordered to produce to the plaintiff the unredacted receipt notice and must certify compliance in the record.  Failure to do so will prompt a sanctions hearing, including the possibility of contempt of Court.

IT IS ORDERED: that the plaintiff's motion for summary judgment is GRANTED in part insofar as the Court finds that the

USCIS's search for the requested record was inadequate.   IT IS
FURTHER ORDERED: that another search of the CLAIMS system shall be
conducted and, within five days, counsel for USCIS shall submit
supplemental papers and a supplemental declaration explaining: (a)
how the original search of CLAIMS as well as the additional search
now ordered were accomplished; (b) confirming whether or not an
archived copy of the requested Receipt Notice was automatically
generated when USCIS initially received Mr. Gahagan's client's
application; and (c) explaining the apparent discrepancy between
(i) Ms. Eggleston's Declaration dated May 5, 2015 in Record
Document 8-2 of Civil Action Number 15-796 in which she states
under penalty of perjury that "an archive copy of the...receipt
notice...was generated by the [CLAIMS 3] database automatically
when USCIS initially received a copy of Plaintiff's application"
and (ii) Ms. Martinez's declarations in this matter in which she
states under penalty of perjury that "[t]here is no database that
retains copies of I-797C's."  IT IS FURTHER ORDERED: that counsel
for USCIS shall also address the issue that was not addressed in
the latest submission, that is, whether, in the absence of the
original record, providing a functionally equivalent record to a
FOIA plaintiff satisfies the agency's FOIA obligation; counsel
shall include citation to relevant authority as well as references
to specific cases in which USCIS has produced to FOIA plaintiffs

17

recreated Receipt Notices or similar records in lieu of original or archived records.  IT IS FURTHER ORDERED: that not later than 5:00 p.m. twenty-four hours from receipt of this Order and Reasons, counsel for USCIS shall produce to the plaintiff the unredacted recreated Receipt Notice and shall certify compliance in the record.  Finally, IT IS FURTHER ORDERED: that the remaining issue raised by the plaintiff's motion for summary is under submission pending USCIS's forthcoming submission.

New Orleans, Louisiana, December 14, 2016

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE