UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL W. GAHAGAN                                          CIVIL ACTION

v.                                                          NO. 16-15438

UNITED STATES CITIZENSHIP                                   SECTION "F"
AND IMMIGRATION SERVICES

ORDER AND REASONS

Before the Court are two motions by United States Citizenship and Immigration Services: (1) motion for reconsideration of this Court's December 14, 2016 Order and Reasons granting in part the plaintiff's motion for summary judgment; and (2) motion for summary judgment.  For the reasons that follow, USCIS's motion for reconsideration is DENIED and its motion for summary judgment is DENIED as moot.

**Background**

This lawsuit arises out of a government agency's failure to adequately search for and produce a single agency record requested by the plaintiff, an attorney, in connection with the plaintiff's client's ongoing immigration removal proceeding.

1

Michael W. Gahagan is an immigration attorney. He was hired to represent a client in connection with that client's pending removal proceedings at the New Orleans, Louisiana Executive Office for Immigration Review (Immigration Court). On July 13, 2016, pursuant to the Freedom of Information Act (FOIA), Mr. Gahagan requested by U.S. Postal Service certified mail, return receipt, one specific agency record that is in the possession and control of the United States Citizenship and Immigration Services (USCIS). Mr. Gahagan wrote:

> Specifically, I am requesting a copy of my client's Form I-485 Receipt Notice (I-797C, Notice of Action), which was not produced to either [Mr. Gahagan's client] or undersigned counsel as required by law.

Mr. Gahagan described the one-page Form I-485 Receipt Notice he was requesting, stated that he was filing the FOIA request in connection with his client's removal proceedings, and he requested that "the document be disclosed within 20 working days as mandated by FOIA." The record was not produced. This litigation ensued. What these proceedings have revealed is a bureaucracy fraught with inefficiency and, at best, remarkable ineptitude. That a case seeking a single sheet of paper from a government agency can be described as sprawling is shameful; an emblem of bureaucracy at its worst.

2

This Order and Reasons assumes familiarity with prior proceedings.  <u>See</u> Order dtd. 12/8/16; Order and Reasons dtd. 12/14/16; Order and Reasons dtd. 12/22/16.  On December 8, 2016, the Court ordered that (i) USCIS turn over and file into the record the unredacted recreated receipt notice; and that (ii) both sides submit supplemental briefing addressing whether the agency's production of a recreated record satisfies its FOIA obligation. On December 14, 2016, the Court granted in part the plaintiff's motion for summary judgment insofar as the summary judgment record indicated that USCIS had failed to conduct an adequate search for an archived record; the Court took under submission, pending a search by USCIS and additional briefing by USCIS, the remaining issue (whether or not production of a recreated record by USCIS satisfies its obligation to plaintiff).  On December 22, 2016, finding that "USCIS has since performed another search and has otherwise satisfied its obligations imposed by this Court's December 14, 2016 Order and Reasons, and, finally, because the plaintiff, now, 'has no objection to accepting [the I-797C Receipt Notice] produced in response to the instant litigation,'" the Court denied as moot the submitted portion of the plaintiff's motion for summary judgment.

There apparently being some confusion on the part of counsel for USCIS as to whether there were any outstanding merits-based

3

issues to be resolved (there were not), USCIS now seeks summary judgment in its favor; it also seeks reconsideration of this Court's December 14, 2016 Order and Reasons insofar as it granted in part the plaintiff's motion for summary judgment on the issue of the adequacy of USCIS's search.

I.

*A.*

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). District courts retain discretion to revise interlocutory orders. Calpetco 1981 LP v. Marshall Exploration, Inc., 989 F.2d 1408, 1414-15 (5th Cir. 1993)(citing Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d 1265, 1269 (5th Cir. 1986)). "Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient." United States v. Renda, 709 F.3d 472, 479

4

(5th Cir. 2013)(citation and internal quotation marks omitted). Although this is true "even in the absence of new evidence or an intervening change in or clarification of the substantive law," Saqui v. Pride Cent. Am., LLC, 595 F.3d 206, 210-11 (5th Cir. 2010)(citation omitted), courts are generally guided by the same principles applied to motions for reconsideration under Rule 59.

Rule 59(e) allows a court to alter or amend a judgment if the movant can establish a manifest error of law or can present newly discovered evidence. Fed. R. Civ. P. 59(e). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and

5

should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

*B.*

USCIS asks the Court to reconsider its ruling on December 14, 2016 that USCIS failed to perform an adequate search for the requested record "in light of the additional evidence and explanation provided in Sabrina Kenner's declaration" that "[t]he apparent contradiction between [statements in two USCIS declarations] can be attributed to the use of 'technical' and 'somewhat imprecise' language in Jill Eggleston's May 5, 2015 declaration." Under the circumstances, USCIS has not shown that reconsideration is warranted.

6

Simply put, USCIS was obliged to conduct an adequate search for the requested record and it had the burden to show that it had done so. It failed. USCIS could have satisfied its burden at the outset by submitting a reasonably detailed declaration by a knowledgeable declarant describing the scope and method of the relevant search, and it could have explained how it has a practice of regenerating such records when they are requested because none are kept by the agency. Instead, USCIS made its submission piecemeal and still failed to satisfy the Court that it had conducted a reasonable search. The Court assessed the adequacy of USCIS's search on the basis of its submission of three declarations. In the initial declaration submitted by Ms. Martinez,[1] she did not even state that USCIS had searched for the requested record. In its second opposition to plaintiff's motion for summary judgment, which was filed on December 12, 2016, USCIS submitted a second declaration by Ms. Martinez in which she concluded that "[a] search of CLAIMS would not, and did not reveal" the requested record. USCIS also submitted a declaration by Jill Eggleston in which Eggleston suggested that if the record was available, it would be in his A-file but that the document "could not be located" in the A-file. There is no suggestion as to when

---

[1] The declaration is dated December 2, 2016 but appears to have been docketed days earlier on November 30, 2016.

the "search" of the A-file was conducted. And, although Ms. Martinez declared that copies of the requested record were not retained by USCIS, this "fact" seemed to be contradicted by a prior Eggleston declaration filed in another case in a different Section of Court. It was on the basis of this shoddy presentation by USCIS of its "search" that the Court granted summary judgment in part in the plaintiff's favor and ordered USCIS to conduct another search (assuming any search had been conducted in the first place) and to explain the apparent discrepancy between Eggleston's declaration in the prior case and the Martinez declarations in this case.

USCIS has not shown that the Court erred in granting in part the plaintiff's motion for summary judgment insofar as USCIS had failed to conduct an adequate search for the record and, more importantly, had failed to explain in reasonable detail the scope and method of its search. Nor has USCIS persuaded the Court to reconsider its prior ruling. It was USCIS's own sloppy approach and failure to describe its alleged search, and the confusion created by its own personnel, that undermined its ability to carry its burden to show that it had conducted an adequate search. Because the declarations in the record failed to show that USCIS had performed an adequate search for the receipt notice, the Court reasonably granted summary judgment in favor of the plaintiff on

8

the issue and ordered that another search be conducted and another submission be filed.

USCIS points to the most recent declaration by yet another USCIS employee and suggests that, finally, the apparent discrepancy has been explained and, now, it should be understood that the agency never kept the record and, thus, could only recreate it, as it has done. Too little, too late. At the time the Court issued its December 14, 2016 Order and Reasons, USCIS had failed to carry its burden to show that it had conducted an adequate search. Clearly, it had not done so; the Court ordered that a search must be conducted and an explanation clarifying the inconsistency in the record must be filed. The Court will not reconsider its prior ruling based on any clarity finally achieved only after a Court-ordered search and submission that was prompted by the agency's own inadequate presentation. USCIS cannot retroactively satisfy its burden to show an adequate search had been conducted after haphazardly filing incomplete or inaccurate affidavits, confusing the bar, the Court, and the public it is intended to serve.[2]

---

[2] Of much concern, USCIS apparently does not learn from its past mistakes. Eggleston declarations have been described as misleading or inadequate and, yet, the same sorts of declarations continue to be submitted. See DaSilva v. U.S. Citizenship and Immigration Services, No. 13-13, 2014 WL 775606, at *7 (E.D. La. 2014)(Africk,

9

*C.*

Insofar as USCIS has filed a motion for summary judgment, the motion is DENIED as moot in light of the Court's December 22, 2016 Order and Reasons. There, the Court denied as moot the only remaining portion of the plaintiff's motion for summary judgment (that is, the only issue that was under submission after the Court granted, in part, the plaintiff's motion for summary judgment on the issue of the agency's inadequate search). In other words, any pending claim by the plaintiff was finally resolved or moot when the plaintiff acknowledged that he had "no objection to accepting [the I-797C Receipt Notice] produced" by USCIS (the regenerated receipt notice). See Order and Reasons dtd. 12/22/16. (Of course, this result could have been achieved had USCIS simply provided to

---

J.)("[Eggleston's] sworn declarations and [defendant's] pleadings, which reiterated that plaintiff sought email communications, and then asserted that 'all communications' would be in his A-file, are plainly misleading. 'Whether blunder or subterfuge, this is the kind or recalcitrant and obdurate conduct that merits attorneys' fees.'")(citation omitted); American Immigration Council v. U.S. Dept. of Homeland Sec., 905 F. Supp. 2d 206, 211, 216 (D.D.C. 2012)(Boasberg, J.)(describing Eggleston's FOIA declaration as "inadequate," the agency's Vaughn index as "oscillat[ing] between sloppy and misleading," and collecting cases from the D.C. Circuit Court of Appeals that "over and over again [tell] agencies that this type of conclusory declaration will not do."). Judge Boasberg wrote: "FOIA cases count on agencies to do their jobs with reasonable diligence. USCIS must do better." And, yet, it has not done better.

the plaintiff a regenerated receipt notice in response to the plaintiff's FOIA request when he made it back in July 2016.)

Accordingly, IT IS ORDERED: that USCIS's motion for reconsideration is DENIED and its motion for summary judgment is DENIED as moot. IT IS FURTHER ORDERED: that the scheduling order issued in this case is hereby rescinded and a judgment for plaintiff will be entered. Finally, IT IS FURTHER ORDERED: that the plaintiff's motion for attorney's fees is referred to the magistrate judge for determination.

New Orleans, Louisiana, March 8, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE