UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL W. GAHAGAN | * | CIVIL ACTION NO. 16-15438 |
| | * | |
| | * | SECTION: "F"(1) |
| VERSUS | * | |
| | * | JUDGE MARTIN L. C. FELDMAN |
| UNITED STATES CITIZENSHIP AND | * | |
| IMMIGRATION SERVICES | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************** | * | |

REPORT AND RECOMMENDATION

The District Court referred plaintiff Michael Gahagan's Motion for Attorney's Fees and Costs (Rec. Doc. 43) to the undersigned Magistrate Judge on March 8, 2017, in its Order denying the motion for reconsideration and motion for summary judgment filed by defendant United States Citizenship and Immigration Services (Rec. Doc. 63). For the following reasons, IT IS RECOMMENDED that the Motion be GRANTED in part.

Background

Michael Gahagan is an immigration attorney. He represents a client in connection with that client's removal proceedings. He says he does so on a *pro bono* basis. As explained by the District Court, Gahagan maintains that United States Citizenship and Immigration Services ("USCIS") has already ruled that his client has a bona fide marriage with a United States citizen, making the client eligible for lawful Permanent Resident status. Gahagan insists that to apply for Permanent Resident status during the course of a removal proceeding, he must file a copy of the client's Form I-485 Receipt Notice (I-797C, Notice of Action) ("Receipt Notice"). On June 19, 2016, Gahagan (and not his client) filed a request to USCIS for a copy of his client's Receipt Notice pursuant to the Freedom of Information Act ("FOIA"). USCIS acknowledged receipt of his request. On October

1

11, 2016, Gahagan had not received a production of records, a Vaughn index describing search methods and explaining the lawful basis for each exemption for any documents withheld, or a final disposition from USCIS stating that it had not found any records, so he filed the present lawsuit. (Rec. Doc. 1).

On November 18, 2016, Gahagan had still not received records, a Vaughn index, or a final disposition from USCIS, so he filed a motion for summary judgment asking the Court to order that USCIS conduct an adequate search and produce all non-exempt responsive records (Rec. Doc. 6). At some point before filing its opposition to Gahagan's motion for summary judgment, USCIS obtained a copy of the Receipt Notice sought by Gahagan. USCIS takes the position that the Receipt Notice was *recreated*. It appears that on or about November 29, 2016 (the day before USCIS's opposition memorandum was filed), counsel for USCIS attempted to email an unredacted copy of the Receipt Notice to Gahagan. (Rec. Doc. 33). In opposition to the motion for summary judgment, USCIS argued that it had satisfied its obligation by providing a "functional equivalent" to the Receipt Notice sought by Gaghagan. USCIS also argued that its search was adequate and submitted three sworn declarations. As observed by the District Court in partially granting Gahagan's motion for summary judgment, the declaration of Jill A. Eggleston represented that if the Receipt Notice was available, it would be located in the client's A-file. The declarations of Monica Martinez represented that there is no database that retains copies of Receipt Notices, that USCIS does not typically retain copies of Receipt Notices, and that a search of USCIS's Computer Linked Application Information System ("CLAIMS") database would not and did not reveal any Receipt Notices. Ms. Martinez also attested that if a new Receipt Notice is needed, one can be generated from the information in the CLAIMS database.

The District Court concluded that this evidence would typically be sufficient to prove that USCIS had conducted an adequate search. Critically, however, the declarations were called into question by an earlier declaration that Ms. Eggleston had submitted regarding Receipt Notices in a different case. There, Ms. Eggleston stated that USCIS had been "able to retrieve an archive copy of the [Receipt Notice] that was generated by the [CLAIMS] database automatically when USCIS initially received a copy of Plaintiff's application." Concluding that Ms. Eggleston's earlier declaration indicating that it would be possible to find an archived copy of a Receipt Notice conflicted with Ms. Martinez's declaration that it would not be possible, the District Court ordered USCIS to conduct a supplemental search of CLAIMS. (Rec. Doc. 31, at 15). The District Court also ordered USCIS to explain the conflicting declarations and ordered both parties to brief the issue of whether a "functional equivalent" record would satisfy USCIS's obligations under FOIA. Because Gahagan represented that he had not received an unredacted copy of the recreated Receipt Notice, the District Court further ordered that USCIS produce an unredacted copy of the recreated Receipt Notice to Gahagan within 24 hours. The District Court issued its ruling on December 14, 2016.

In response to the District Court's Order, USCIS filed a supplemental memorandum in which it represented that the supplemental search had been performed and no original Receipt Notice had been found. USCIS also attempted to explain the discrepancies questioned by the District Court by presenting the declaration of a third USCIS representative, Sabrina Kenner, who stated that CLAIMS does not archive or store documents, and can only regenerate a Receipt Notice. USCIS argued that the "apparent discrepancy" between Ms. Eggleston's two declarations was due to "technical language" used. USCIS says that when Ms. Eggleston stated that a Receipt Notice had been generated, she should have said a "new" Receipt Notice had been generated and

that Ms. Eggleston's use of the phrase "archived copy" was imprecise because it was a regenerated Receipt Notice. On December 22, 2016, the District Court ruled that USCIS had satisfied its obligation to perform a supplemental search. Observing that Gahagan had agreed to accept the recreated Receipt Notice, the District Court denied the remaining issues of Gahagan's motion for summary judgment as moot. (Rec. Doc. 42).

On January 4, 2017, Gahagan filed a motion for attorney's fees. USCIS then filed a motion for summary judgment seeking dismissal of Gahagan's claims and a ruling that USCIS had conducted an adequate search. USCIS also filed a motion for reconsideration of the District Court's December 14, 2016, order granting partial summary judgment in favor of Gahagan. In support of its motion for reconsideration, USCIS argued that the declaration of Sabrina Kenner submitted on December 19, 2016, clarified that the agency never keeps copies of Receipt Notices and such records can only be recreated. The District Court denied both USCIS motions and referred the motion for attorney's fees to the undersigned Magistrate Judge. (Rec. Doc. 63). In denying USCIS's motion for reconsideration, the District Court reiterated that it was USCIS's burden to show that it had conducted an adequate search and explained that the Court would "not reconsider its prior ruling based on any clarity finally achieved only after a Court-ordered search and submission that was prompted by the agency's own inadequate submission." Id. at 7.

## Law and Analysis

Under FOIA, this court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."[1] 5 U.S.C. § 552(a)(4)(E)(i). Courts have interpreted this permissive,

---

[1] USCIS argues that Gahagan cannot be awarded attorney's fees because he is an attorney appearing pro se. See Kay v. Ehler, 499 U.S. 432, 438 (1991) (holding that a pro se attorney is not entitled to an award of attorney's fees under 42 U.S.C. § 1988). For example, in Burka v. U.S. Dep't of Health & Human Servs., the D.C. Circuit Court of Appeals applied Kay to hold that "*pro se* attorney-litigants are not entitled to attorney's fees under the fee-shifting provisions

4

statutory language as creating a two-prong inquiry into whether the complainant is both (1) eligible for attorney's fees because he has substantially prevailed and (2) entitled to attorney's fees considering "a variety of factors to determine whether the plaintiff *should* receive fees."[2] Batton v. I.R.S., 718 F.3d 522, 525 (5th Cir. 2013) (quoting Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 524 (D.C. Cir. 2011)).

---

of FOIA." 142 F.3d 1286, 1290 (D.C. Cir. 1998). Three months after Kay was decided, the Fifth Circuit explained that "if a FOIA plaintiff has actually and reasonably incurred legal fees—that is, a lawyer has handled his case, even if the lawyer is the plaintiff himself—and if the plaintiff substantially prevailed, he may recover reasonable attorney's fees from the federal government, provided that the court finds that the four discretionary criteria are satisfied. State of Tex. v. I.C.C., 935 F.2d 728, 731–32 (5th Cir. 1991) (footnote omitted). USCIS urges that the Fifth Circuit in I.C.C. did not mention Kay because the I.C.C. decision was rendered only three months after Kay and that although issued before I.C.C., Kay should nonetheless be considered intervening precedent. This Court is not free to make this determination and is instead bound by Fifth Circuit precedent indicating that the FOIA attorney's fee provision is subject to a different analysis than that expressed in Kay and that under such analysis, a pro se attorney can obtain attorney's fees in a FOIA action.

[2] Gahagan insists that the two pronged eligibility-entitlement test was superseded by the OPEN Government Act of 2007 ("OGA") and that he is entitled to attorney's fees as long as he substantially prevailed and his claim is not insubstantial. As Batton made clear, OGA codified the "catalyst" theory, pursuant to which a complainant can show he substantially prevailed in the absence of court ordered relief where the complainant has obtained relief by "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 718 F.3d at 525. This change concerned the eligibility prong. The entitlement prong stems from the fact that a court "may assess," but is not required to assess attorney's fees where a complainant has substantially prevailed. Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 524 (D.C. Cir. 2011) ("The eligibility prong asks whether a plaintiff has 'substantially prevailed' and thus 'may' receive fees."). The "may assess" portion of the statute was unchanged by OGA. In Batton, the Fifth Circuit Court of Appeals recognized the continued applicability of the two pronged test by employing it. Gahagan spent nine pages of his memorandum in support arguing that he is entitled to attorney's fees without consideration of the "entitlement prong" and failed to mention that three weeks prior to the filing of this motion, the Fifth Circuit Court of Appeals rejected this argument in a case in which Gahagan was also the plaintiff. See Gahagan v. United States Citizenship & Immigration Servs., No. 16-30882, 2016 WL 7240202, at *1–2 (5th Cir. Dec. 14, 2016) (unpublished). Gahagan's attempt in reply to explain this omission by noting that the Fifth Circuit case is unpublished is disingenuous. In addition to finding that Gahagan had waived the argument that the eligibility-entitlement test was superseded by OGA, the Fifth Circuit held that his argument was "foreclosed by our precedent" and that "we are obligated to follow Batton." Id. The Batton opinion was issued by the Fifth Circuit as a published decision eight years after OGA, and it is binding precedent on the courts of this district until the Fifth Circuit *en banc*, the Supreme Court, or an Act of Congress says otherwise. While Gahagan is welcome to challenge that precedent here to preserve it for appeal, the appropriate method to do so would be to raise the contrary authority and distinguish it or otherwise argue why it should not apply here. As pointed out by USCIS, the Louisiana Rules of Professional Conduct require lawyers to disclose "legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client." See La. Rules of Prof. Conduct 3.3(a)(2). The Court cautions Gahagan to be mindful of his obligations to this tribunal.

*A. Eligibility*

"[A] complainant has substantially prevailed if the complainant has obtained relief through either--(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii); see Batton, 718 F.3d at 525.

The Court finds that Gahagan substantially prevailed under either theory. First, the District Court's December 14, 2016, Order held that the USCIS search was inadequate and ordered USCIS to produce the Receipt Notice to Gahagan. USCIS submits that this order does not demonstrate that Gahagan substantially prevailed. As an initial matter, since the filing of the Motion for Attorneys' Fees and USCIS's opposition, the District Court has denied USCIS's motion for reconsideration of the December 14, 2016, Order. Thus, the December 14, 2016, Order in Gahagan's favor remains in place. Further, this Court cannot accept USCIS's argument that its supplemental declarations show that its search was adequate. Not only does the undersigned find that the supplemental declarations fail to fully clarify the search undertaken by USCIS, [3] the District Court has already rejected this argument in denying the motion for reconsideration. USCIS adds that it delivered the Receipt Notice prior to the December 14, 2016, Order. That position remains disputed (and moreover, as addressed below, does not preclude this Court's finding that Gahagan substantially prevailed). USCIS also argues that the District Court's order that a search be performed is insufficient to result in eligibility for attorney's fees. This argument is unavailing because not only did the District Court order a search here, it also ordered production of a USCIS

---

[3] The most recent declaration claims that the discrepancies between Ms. Eggleston's and Ms. Kenner's declarations "can be attributed to the use of technical language" by Ms. Eggleston in saying that USCIS could "retrieve an archive copy" of the Receipt Notice "that was generated." Instead, Ms. Kenner maintains, Ms. Eggleston should have said that USCIS could generate a new Receipt Notice. The most recent declaration might be more convincing if it was Ms. Eggleston who explained her error. Instead, USCIS expects this Court to believe that the most recent declaration by a new individual is more accurate than previous sworn statements made by agency representatives. See also the Court's concerns expressed in footnote 4 regarding other unexplained inconsistencies.

record when the Court required that "not later than 5:00 p.m. twenty-four hours from receipt of this Order and Reasons, counsel for USCIS shall produce to the plaintiff the unredacted recreated Receipt Notice." (Rec. Doc. 31, at 18).

Moreover, even if Gahagan had not substantially prevailed as a result of the Court's order, it is clear that USCIS produced the Receipt Notice as a result of this lawsuit. Prior to the filing of the lawsuit, Gahagan had waited nearly four months without receiving a substantive response to his FOIA request. Two weeks after he filed his motion for summary judgment, USCIS began attempting to deliver a copy of the Receipt Notice. There is simply no other conclusion but that this lawsuit was required to cause USCIS to deliver the Receipt Notice, particularly given USCIS's position taken in its brief, that at least in this case, USCIS's regeneration of the Receipt Notice was "voluntary" and done "merely as a service to the applicant," but that actually, USCIS "was not required to do so." (Rec. Doc. 50, at 7). Despite locating and producing a document it had heretofore refused to either find or produce, USCIS attempts to argue that it never "changed its position" in response to Gahagan's suit because the *original* Receipt Notice "was not and cannot be found." This argument is absurd. Gahagan requested "a copy of" his client's I-797C Receipt Notice. Whether an archived copy, a printed version of an electronic record, or a recreated record,[4]

---

[4] As a result of the five sometimes conflicting declarations of three different USCIS representatives, (Rec. Doc. 18-3, 28-1, 28-2, 35-1; Gahagan v. United States Citizenship and Immigration Servs., Civil Action 15-796, Rec. Doc. 8-2 (E.D. La. May 5, 2015)), the Court remains unable to fully understand the record keeping practices of USCIS. These are but some of the questions the Court is left with after five declarations and the government's briefs:

- Is it true that USCIS does not maintain copies of records that appear to be crucial to certain immigration proceedings? For example, is there really no copy of the I-797C, Notice of Action, kept anywhere, either as a photocopy, as an electronic copy, or in an archive? If not, why does Ms. Eggleston continue to advise that such a document could possibly be found in the applicant's A-file? "Upon reviewing the request for the I-797C receipt notice, NRC concluded that *if the record were available, it would be located in an A-file* at the USCIS' National Records Center in Lee's Summit, Missouri." (Rec. Doc. 28-2, ¶ 10) (emphasis added.)

- Does the "recreation" process simply amount to printing a paper copy of an electronic record? If so, is the new printed version properly classified as a "recreated" record?

- If Ms. Martinez is right in her Supplemental Declaration (Rec. Doc. 28-1, ¶ 4) that CLAIMS provides the biometric data that can be used to recreate an I-797C, does the I-797C repopulate automatically with necessary data from either the I-485 or other data input at the time the I-485 is received? If so, does

the Receipt Notice delivered as a result of this lawsuit was a copy of the Receipt Notice that Gahagan requested pursuant to FOIA. His willingness to accept the record indicates as much. USCIS asserts that because it was not obligated to recreate the record,[5] it went "above its required duties" by doing so. USCIS seems to threaten that an award of attorney's fees would discourage such allegedly cooperative behavior in the future. USCIS fails to comprehend that it could have precluded an attorney's fees award by delivering a copy of the Receipt Notice before this lawsuit was filed.

Gahagan substantially prevailed under either theory and he is eligible for attorney's fees.

B.  *Entitlement*

Under the "entitlement" prong, the Court considers: "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's

---

commanding the computer to auto-populate and produce an I-797C constitute a "recreation" just because that same command was previously given, but the resulting paper copy got lost in the mail or by the applicant?

- Is there any way for an applicant to obtain a lost I-797C? Like the government's brief insisting that USCIS was under no obligation to provide Gahagan with a duplicate of this form, Sabrina Kenner's declaration offers little hope of obtaining a replacement to the applicant who has lost or never received their I-797C. "USCIS does not generally send duplicate Receipt Notices if they have not been returned as undeliverable. Applicants can inquire about the acceptance of cases by contacting USCIS at Lockboxsupport@dhs.gov." (Rec. Doc. 35-1, ¶ 7)  This representation was similarly made by Monica Martinez.  (Rec. Doc. 18-3, ¶ 4). Thus, while Ms. Martinez and Ms. Kenner reassure the Court that "I-797C Receipt Notices can be recreated by USCIS" (Rec. Doc. 18-3, ¶ 5) it would seem exceedingly unlikely that, short of a court order, any applicant would be able to prevail upon USCIS to provide them with the "recreated" form.  It is little consolation, then, that "[a]n I-797C Receipt Notice regenerated by CLAIMS 3 will serve in all respects as an original Receipt Notice." (Id. ¶ 8)  After all, if filing a FOIA request and even a lawsuit requesting production of the I-797C meets with no success, what chance does an applicant or lawyer have in posting a request to Lockboxsupport@dhs.gov?

Given the apparent importance of an I-797C to clients like Gahagan's in this case—as a form of proof that the client should not be removed as he was eligible for permanent resident status by virtue of his valid marriage to a U.S. citizen--surely there must be a mechanism for obtaining a substitute of this document, and one that does not merely rely on the good will of USCIS.  If this case has proven anything, it is that at least when it comes to record keeping and record production, USCIS is *not* a "steward of good government practices" as it claimed in support of its supposed generosity in providing Gahagan, at long last, with the document he sought for many months.  (Rec. Doc. 50, at 8.  The District Court similarly took issue with USCIS's record keeping practices and its due diligence in responding to FOIA requests.  (Rec. Doc. 63, at 9-10, fn. 2).  Numerous other courts have been similarly critical.  Id.

[5] As further explained in footnote 4, supra, the Court is not convinced that printing out a Receipt Notice amounts to "recreation."

interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." Batton, 718 F.3d at 527 (quoting I.C.C., 935 F.2d at 730).

"The factor of "public benefit" does not particularly favor attorneys' fees where the award would merely subsidize a matter of private concern; this factor rather speaks for an award where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." Blue v. Bureau of Prisons, 570 F.2d 529, 533–34 (5th Cir. 1978). In Blue, the Fifth Circuit agreed with the district court that this factor weighed against an award of attorney's fees where the plaintiff had sought production of his prison file. Like the prisoner seeking his personal file, Gahagan's request for the Receipt Notice from his client's A-File is primarily for his client's personal use in the client's immigration proceedings. See Gahagan v. United States Citizenship & Immigration Servs., No. CV 15-796, 2016 WL 3127209, at *4 (E.D. La. June 3, 2016), aff'd, No. 16-30882, 2016 WL 7240202 (5th Cir. Dec. 14, 2016) (considering the same cases cited by Gahagan here and finding that the public benefit factor weighed against an award of attorney's fees because "the I-485 receipt notice will not assist citizens in making vital political choices in any conceivable way").  But, the Court finds that there is some public benefit to this litigation:  Gahagan has flushed out USCIS's untenable position that although a copy of a Receipt Notice may be critical to halting a deportation proceeding, USCIS is neither obligated to maintain copies of the Receipt Notices it issues, nor is it obligated to "recreate" such Receipt Notices under FOIA. The information revealed by the present litigation may assist others "making vital political choices." Blue, 570 F.2d at 534; see Mayock v. I.N.S., 736 F. Supp. 1561, 1564 (N.D. Cal. 1990) (finding the public benefit of establishing pattern and practice of Immigration and Naturalization Services not complying with FOIA outweighed the commercial interest of the

attorney in the records). Accordingly, the Court finds that this factor weighs in favor of an award of attorney's fees.

The "commercial interest" factor has minimal applicability here. Gahagan says that he represents his client on a pro bono basis. Accordingly, he does not obtain a direct financial benefit from making the FOIA request. While it is true that, as USCIS argues, Gahagan has a financial interest in effectively representing his client and maintaining his law practice, which he is able to do in part through this FOIA request, the Court finds this tangential commercial benefit is not the type of commercial benefit that weighs against an award of attorney's fees.

The nature of Gahagan's interest weighs in favor of attorney's fees. He sought the Receipt Notice for use in his client's immigration proceeding. The Court is disturbed by USCIS's argument that attorney's fees should be precluded here because they amount to an end run around the discovery in that immigration proceeding. While FOIA requests are not rewarded with attorney's fee awards when they attempt to substitute for civil discovery, this is simply not the case here. The email correspondence submitted by USCIS in its supplemental memorandum (Rec. Doc. 33-1) confirms Gahagan's position that USCIS will not produce a Receipt Notice except through a FOIA request. Indeed, as Judge Brown observed, "there is no right to discovery in deportation proceedings." Gahagan v. United States Citizenship & Immigration Servs., No. CV 14-2233, 2016 WL 1110229, at *13 (E.D. La. Mar. 22, 2016). Gahagan's request is not an end run around the discovery process, but instead amounts to the sole way in which Gahagan can protect his client's interest in a fair immigration proceeding.

The conduct of USCIS in withholding the Receipt Notice also favors an award of attorney's fees. USCIS has attempted to explain the basis for originally failing to produce the Receipt Notice with its most recent declaration stating that USCIS does not keep copies of Receipt Notices. As

the Court observed in footnote 4, in light of the conflicting declarations that USCIS has submitted to this and other courts, it remains unclear whether the electronic information used to "recreate" the Receipt Notice amounts to a record that USCIS was required to produce or not. As the District Court observed in denying the motion for reconsideration, it is "USCIS's own sloppy approach . . . and the confusion created by its own personnel" that has created this situation. Moreover, as the District Court noted, USCIS has been reprimanded in earlier cases for submitting misleading and inadequate declarations and for its internal oversights, yet it continues to submit such declarations. In one such case, Judge Africk concluded that "[w]hether blunder or subterfuge, [this] is the kind of recalcitrant and obdurate conduct that merits attorney's fees." Dasilva v. U.S. Citizenship & Immigration Servs., No. CIVA 13-13, 2014 WL 775606, at *7 (E.D. La. Feb. 24, 2014), aff'd (Dec. 19, 2014) (second alteration in original, internal quotation marks omitted). Here too, the Court finds that the actions of USCIS in delaying delivery of the Receipt Notice and its failure to adequately explain itself call for an award of attorney's fees.

Because the third and fourth factors strongly weigh in favor of an award of attorney's fees, the first factor weighs slightly in favor of an award and the second factor is neutral or weighs slightly against an award of attorney's fees, the Court finds that Gahagan is entitled to attorney's fees in this case.

*C. Calculating Reasonable Attorney's Fees*

The standard two-step process to determine reasonableness of attorney's fees is applicable in FOIA cases. DaSilva v. U.S. Citizenship & Immigration Servs., 599 F. App'x 535, 541 (5th Cir. 2014). First, the Court computes the lodestar "by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work." Matter of Fender, 12 F.3d 480, 487 (5th Cir. 1994); see Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939,

76 L. Ed. 2d 40 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). The party requesting fees bears the burden of proving that the rates charged and hours expended are reasonable. See Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995). "The court then adjusts the lodestar upward or downward depending upon the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974)." Fender, 12 F.3d at 487. The Johnson factors are:

> 1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

Id.

1. *Hourly Rate*

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011) (quoting Blum v. Stenson, 465 U.S. 886, 895–96 (1984)). The party claiming attorney's fees has the burden to prove the requested rates satisfy this test. Id. Courts have required attorneys to produce both their own affidavits regarding their customary fees and evidence that these rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984); see Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 328 (5th Cir. 1995) ("To determine

reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates."); Yelton v. PHI Inc., No. CIV.A. 09-04182, 2012 WL 3441826, at *4 (E.D. La. Aug. 14, 2012) ("Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.").

Gahagan graduated from Barry University Dwayne O. Andreas School of Law in 2006. It is unclear when he began practicing law, but he has been doing so since at least November 2007 as owner of The Immigration Law Firm of New Orleans. He says he has represented hundreds of clients in all areas of immigration law and has represented more than 100 clients with FOIA requests. He has been selected as a Rising Star by Super Lawyers magazine in 2015, 2016, and 2017. Gahagan argues that a rate of $300 per hour is appropriate for his work in this matter. In his sworn declaration, he states that this is his "normal billing rate."

Gahagan also submits the sworn declarations of five attorneys who say they are personally familiar with Gahagan's qualifications. Robert Pauw, an attorney barred in Washington State, declares that Gahagan is the only attorney he knows that pursues FOIA litigation for immigration clients in the Eastern District of Louisiana and that his rate of $300 is a reasonable market rate for a case "of this complexity." (Rec. Doc. 43-14, at 3). Local attorneys Bradley Egenberg, Christine DeSue, Richard Schulze, and Donglai Yang assert similar conclusions, but each add that he or she is familiar with rates charged by law firms in Louisiana that handle FOIA litigation outside of federal court. (Rec. Doc. 57-1). Raymond Lahoud, an immigration attorney practicing in New York also states that he would not handle a case like this for less than $300 per hour, that he is not aware of any other immigration litigation specialist who could competently handle a matter like this one, that he is familiar with the rates Louisiana law firms charge for FOIA cases outside of

federal court, and that $300 per hour is a reasonable market rate for Gahagan. Id.  Gahagan also cites a FOIA case where Judge Barbier awarded fees at a rate of $300 per hour to an attorney with eight years of experience in immigration and employment litigation. Hernandez v. U.S. Customs & Border Prot. Agency, Civ. Act. No. 10-4602, 2012 WL 398328, at *16 (E.D. La. Feb. 7, 2012).

USCIS counters that Gahagan's rate should be adjusted to $200 because in 2014, Judge Africk found that a rate of $200 was more appropriate. DaSilva v. U.S. Citizenship & Immigration Servs., Civ. Act. No. 13-13, 2014 WL 775606, at *9 (E.D. La. Feb. 24, 2014), aff'd (Dec. 19, 2014) (holding that Gahagan had failed to advise the court of his experience with FOIA requests, rather than immigration law, and concluding that a rate of $200 reflected his seven years of experience in immigration law). The Fifth Circuit affirmed that decision, noting that the award in Hernandez, where an attorney with eight years of experience had been awarded $300 per hour, "appeared to be atypically high." DaSilva v. U.S. Citizenship & Immigration Servs., 599 F. App'x 535, 543 (5th Cir. 2014).   In 2016, Judge Brown considered affidavits similar to those presented here and cited DaSilva in adjusting the rate to be awarded to Gahagan to $200 per hour. Gahagan v. United States Customs & Border Prot., No. CV 14-2619, 2016 WL 3090216, at *14 (E.D. La. June 2, 2016).

While Gahagan has submitted declarations of other attorneys attesting to the reasonableness of a rate of $300 per hour, none of these declarations state that such a fee is the market rate for the type of litigation pursued by Gahagan here. Indeed, they all note that Gahagan is the only attorney who does such work. Gahagan has submitted a declaration that $300 is his normal rate, but he has not specified whether this is his normal rate for FOIA litigation or in handling immigration proceedings. In this case, he is doing the work pro bono and, significantly, he has not stated whether he has been able to command a fee for similar FOIA litigation in other cases. The Court recognizes that Gahagan has pursued many FOIA immigration related cases in

this district. However, his growing experience in this area does not justify a fee of $300 per hour. The Court takes note that the Fifth Circuit just recently observed that a rate of $300 for an attorney with eight years' experience was atypically high and affirmed a rate of $200 as reasonable for Gahagan. In light of this, because there is no evidence of the market rate in this community for this type of work, because the Fifth Circuit affirmed a $200 per hour fee for this same lawyer in 2014, and because as recently as 2016 Judge Brown awarded Gahagan $200 per hour for similar work, the Court finds that a downward adjustment to $200 is appropriate. DaSilva , 599 F. App'x at 543; Gahagan, 2016 WL 3090216, at *14.

   2.  *Hours Reasonably Expended*

Gahagan submits billing records showing that he spent 59 hours on this litigation. The Court provides a copy of those billing records, along with the recommended reductions below. USCIS argues these amounts should be reduced as follows:

- Gahagan billed a total of 2.6 hours for receiving and reviewing notices of electronic filing. Dasilva, 2014 WL 1819753, at *4 (observing that "billing relative to notices of electronic filing is patently unwarranted"). The Court finds that some, but not all, of the 6 minute time entries for review of electronic notices are excessive and should be removed.

- Gahagan billed 1.2 hours for driving to the court to hand deliver documents when this could have been done electronically or by use of a courier. Hagan v. MRS Assocs., Inc., No. CIV. A. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001), aff'd sub nom. Hagan v. M.R.S. Assocs., Inc., 281 F.3d 1280 (5th Cir. 2001) ("A prevailing plaintiff should not recover an attorney rate for work that clerical staff could have easily accomplished, regardless of who actually performed the work"). The Court agrees that Gahagan cannot charge an attorney's rate for delivering papers to the Court.

- The motion for entry of default (for which he bills 3.3 hours) was ultimately unsuccessful, was frivolous, and was unrelated to the substance of his claim. Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec., 811 F. Supp. 2d 216, 238 (D.D.C. 2011) ("[T]he court will not compensate for 'nonproductive time or for time expended on issues on which [the] plaintiff ultimately did not prevail . . . .'") (quoting Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1499 (D.C. Cir. 1984)). The Court agrees and will not reward such aggressive litigation tactics.  Indeed, the motion for entry of default (on the basis of USCIS's failure to file a responsive pleading) was filed on the same day USCIS moved to withdraw its motion to dismiss (which it had filed 11 days earlier). Accordingly, Gahagan could not legitimately have believed that USCIS was failing to defend the claim and would not appear to challenge the entry of default. Indeed, USCIS filed its answer the day after withdrawing its motion to dismiss. Given the posture of the case, the Court agrees that spending 3.3 hours on the motion was a needless expense that did not advance Gahagan's case. He cannot recover for the preparation of this motion.

- USCIS provided a copy of the Receipt Notice on November 29, 2016, and any work after that date should be disallowed. According to Gahagan, however, he had not received the unredacted Receipt Notice until December 14, 2016. Further, USCIS fails to mention that besides filing a reply in further support of his pending motion for summary judgment, the only motion filed by Gahagan after November 29, 2016,  was this motion for attorney's fees (Gahagan does not appear to seek reimbursement for the filing of his Motion for Clarification). It was USCIS that filed a motion for reconsideration and motion for summary judgment. Gahagan was obligated to respond. Gahagan's hours will not be

reduced on the basis of the delivery of the Receipt Notice, especially where much of the subsequent work was necessitated by USCIS's filings.

- Gahagan billed .3 for review of USCIS's answer, including reviewing cases cited although there were no cases cited. The Court finds that .3 is not an unreasonable amount of time to review the answer, even if no cases are cited.

- Gahagan billed .5 for review of USCIS's motion for leave to file a supplemental declaration and to "review and research citations" where no such citations were contained in the pleading. The Court agrees that .5 is not a reasonable amount of time to review this form pleading and that reducing this time to .3 is sufficient for the time Gahagan would have spent reviewing and analyzing the declaration attached to the pleading.

- Gahagan's pleadings and motions in his other FOIA cases are similar or identical to those filed here and Gahagan filed statements of uncontested facts when he was not required to do so.   In reply, Gahagan indicates that he has agreed to voluntarily reduced the total hours by 20% "to account for any possible redundant research and writing in his pleadings." (Rec. Doc. 57-5). The Court finds this proposal sufficient to address the similarities with Gahagan's other pleadings. After the reductions described above and as provided in the table below, the remaining 52.6 hours shall be reduced by 20%. Accordingly, under the lodestar, Gahagan would be compensated for 42.08 hours at $200 per hour for a total of $8,416.

| Date | Time Claimed | Explanation | Re-duction | Reason for Reduction | Award before 20% Reduction |
|------|------|------|------|------|------|
| 10/10/16 | 1.9 | Research issues for complaint (R. Doc. 1). | | | 1.90 |

| | | | | | |
|---|---|---|---|---|---|
| 10/11/16 | 1.5 | Draft pleading, file complaint, and receive and review notice of electronic filing from E.D.La. (R. Doc. 1). | | | 1.50 |
| 10/11/16 | 0.4 | Draft and file summons for all Defendants and U.S. Attorney's Office. | | | 0.40 |
| 10/11/16 | 0.1 | Draft and file civil cover sheet with E.D.La. via ECF. | | | 0.10 |
| 10/11/16 | 0.1 | Receive and review filing fee payment receipt from E.D.La. via email to Plaintiff. | 0.10 | Simple ECF review | 0.00 |
| 10/12/16 | 0.1 | Receive and review Initial Case Assignment email from E.D.La. (R. Doc. 2). | 0.10 | Simple ECF review | 0.00 |
| 10/13/16 | 0.1 | Receive and review summons submitted for issuance from E.D.La. (R. Doc. 3). | 0.10 | Simple ECF review | 0.00 |
| 11/17/16 | 2.0 | Receive and review Defendant's Motion to Dismiss and exhibit, download and print pleading and exhibit, receive and review notice of electronic filing and research cited cases (R. Doc. 4). | | | 2.00 |
| 11/18/16 | 0.8 | Draft affidavit of service of process for Defendant and the U.S. Attorney's Office, scan evidence of service of process, and file all with E.D.La. (R. Doc. 5). | | | 0.80 |
| 11/18/16 | 3.1 | Research issues for Motion for Summary Judgment (R. Doc. 6). | | | 3.10 |
| 11/18/16 | 2.5 | Draft Plaintiff's Motion for Summary Judgment, Statement of Material Facts, Memorandum, Proposed Order, and Notice of Submission, scan Exhibits, file Motion for Summary Judgment, and receive and review notice of electronic filing from E.D.La. (R. Doc. 6). | | | 2.50 |
| 11/22/16 | 3.7 | Research issues for Plaintiff's Opposition to Defendant's Motion to Dismiss (R. Doc. 7). | | | 3.70 |

| | | | | | |
|---|---|---|---|---|---|
| 11/22/16 | 3.3 | Draft Plaintiff's Opposition to Defendant's Motion to Dismiss, Statement of Material Facts, Memorandum, and Proposed Order, scan Exhibits, file Plaintiff's opposition to Defendant's Motion to Dismiss, and receive and review notice of electronic filing from E.D.La. (R. Doc. 7). | | | 3.30 |
| 11/23/16 | 0.8 | Receive and review Defendant's Motion to Continue, download and print pleading and proposed order, receive and review notice of electronic filing and research cited cases (R. Doc. 8). | | | 0.80 |
| 11/23/16 | 0.1 | Receive and review Notice of Deficient Document for Defendant's Motion to Continue (R. Doc. 8) | 0.10 | Simple ECF review | 0.00 |
| 11/25/16 | 0.2 | Receive and review Defendant's Motion to Continue, download and print pleading and notice of submission, receive and review notice of electronic filing and research cited cases (R. Doc. 9). | | | 0.20 |
| 11/25/16 | 0.2 | Receive and review Defendant's Motion to Expedite, download and print pleading and proposed order, and receive and review notice of electronic filing (R. Doc. 10). | 0.10 | .2 is excessive for simple ECF review and review of simple pleading, .1 is appropriate. | 0.10 |
| 11/28/16 | 0.2 | Receive and review Defendant's Motion to Withdraw Document, download and print pleading and proposed order, and receive and review notice of electronic filing (R. Doc. 11). | 0.10 | .2 is excessive for simple ECF review and review of simple pleading, .1 is appropriate. | 0.10 |
| 11/28/16 | 1.1 | Research issues for Entry of Default (R. Doc. 12). | 1.10 | Unsuccessful motion | 0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 11/28/16 | 2.1 | Draft Plaintiff's Motion for Entry of Default, Statement of Material Facts, Memorandum, and Proposed Order, file Motion for Entry of Default, and receive and review notice of electronic filing from E.D.La. (R. Doc. 12). | 2.10 | Unsuccesful motion | 0.00 |
| 11/29/16 | 0.1 | Receive and review Order granting Defendant's Motion to Withdraw Document (R. Doc. 13). | 0.10 | Simple ECF review | 0.00 |
| 11/29/16 | 0.3 | Receive and review Defendant's Answer and Affirmative Defenses, download and print pleading, review cited cases, and receive and review notice of electronic filing (R. Doc. 14). | | | 0.30 |
| 11/29/16 | 0.1 | Receive and review Order denying Plaintiff's Motion for Entry of Default (R. Doc. 15). | | | 0.10 |
| 11/29/16 | 2.4 | Receive and review Defendant's opposition to Plaintiff's motion for summary judgment with memorandum and contested facts, download and print pleading and exhibit (8 pages), review and research citations in pleading, review exhibit, and receive and review notice of electronic filing (R. Doc. 16). | | | 2.40 |
| 11/30/16 | 0.1 | Receive and review Scheduling Conference Notice (R. Doc. 17). | | | 0.10 |
| 11/30/16 | 0.1 | Receive and review Notice of Deficient Document for Defendant's Response to Plaintiff's Motion for Summary Judgment | 0.10 | Simple ECF review | 0.00 |
| 11/30/16 | 0.3 | Receive and review Defendant's opposition to Plaintiff's motion for summary judgment with memorandum and contested facts, download and print pleading and exhibit (11 pages), review and research citations in pleading, review exhibit, and receive and review notice of electronic filing (R. Doc. 18). | | | 0.30 |

| | | | | | |
|---|---|---|---|---|---|
| 12/02/16 | 0.5 | Receive and review Defendant's motion for leave to file supplemental opposition to Plaintiff's motion for summary judgment with order and exhibit, download and print pleading, order and exhibit (5 pages), review and research citations in pleading, review exhibit, and receive and review notice of electronic filing (R. Doc. 19). | 0.2 | No citations in pleading reviewed. Supplemental declaration was one and a half pages. | 0.30 |
| 12/04/16 | 1.9 | Research issues for Reply to Plaintiff's Motion for Summary Judgment (R. Doc. 20). | | | 1.90 |
| 12/04/16 | 1.5 | Draft and file Motion for Leave of Court to File Reply with memorandum of law and proposed order, and receive and review notice of electronic filing from E.D.La. (R. Doc. 20). | | | 1.50 |
| 12/05/16 | 0.1 | Receive and review Order granting Motion to for Leave of Court to File Reply (R. Doc. 21). | 0.10 | Simple ECF review | 0.00 |
| 12/05/16 | 0.1 | Receive and review Reply memorandum of law, download pleading, and receive and review notice of electronic filing from E.D.La. (R. Doc. 22). | 0.10 | Simple ECF review and download of plaintiff's own pleading. | 0.00 |
| 12/05/16 | 0.1 | Receive and review Order granting Defendant's Motion for Leave of Court to Supplement Defendant's Opposition to Plaintiff's Motion for Summary Judgment (R. Doc. 23). | 0.10 | Simple ECF review | 0.00 |
| 12/08/16 | 0.5 | Receive and review Order (R. Doc. 24). | | | 0.50 |
| 12/08/16 | 0.2 | Receive and review Defendant's motion for leave to file document under seal with order, download and print pleading and order (3 pages), and receive and review notice of electronic filing (R. Doc. 25). | | | 0.20 |

| | | | | | |
|---|---|---|---|---|---|
| 12/09/16 | 0.1 | Receive and review Order (R. Doc. 26). | 0.10 | Simple ECF review and review of simple order granting motion to seal | 0.00 |
| 12/12/16 | 1.7 | Research issues for Supplemental Memorandum to Plaintiff's Motion for Summary Judgment (R. Doc. 27). | | | 1.70 |
| 12/12/16 | 2.3 | Draft and file Supplemental Memorandum for Plaintiff's Motion for Summary Judgment, and receive and review notice of electronic filing from E.D.La. (R. Doc. 27). | | | 2.30 |
| 12/12/16 | 1.1 | Receive and review Defendant's memorandum in opposition to Plaintiff's motion for summary judgment with exhibits, download and print pleading and exhibits (12 pages), review and research citations in pleading, review exhibit, and receive and review notice of electronic filing (R. Doc. 28). | | | 1.10 |
| 12/13/16 | 0.4 | Receive and review Defendant's motion for leave to file supplemental memorandum in opposition to Plaintiff's motion for summary judgment with order and exhibits, download and print pleading, order and exhibits (18 pages), review and research citations in pleading, review exhibits, and receive and review notice of electronic filing (R. Doc. 29). | | | 0.40 |
| 12/14/16 | 0.1 | Receive and review ECF Notice (R. Doc. 30). | 0.10 | Simple ECF review | 0.00 |
| 12/14/16 | 0.5 | Receive and review Order and Reasons granting Plaintiff's Motion for Summary Judgment in part (R. Doc. 31). | | | 0.50 |
| 12/14/16 | 0.1 | Receive and review Order (R. Doc. 32). | | | 0.10 |

| | | | | | |
|---|---|---|---|---|---|
| 12/14/16 | 0.3 | Receive and review Defendant's supplemental memorandum in opposition to Plaintiff's motion for summary judgment with exhibits, download and print pleading and exhibits (15 pages), review and research citations in pleading, review exhibits, and receive and review notice of electronic filing (R. Doc. 33). | | | 0.30 |
| 12/14/16 | 0.1 | Draft and file Notice (R. Doc. 34). | | | 0.10 |
| 12/15/16 | 0.5 | Receive and review Defendant's memorandum in opposition to Plaintiff's motion for summary judgment with exhibit, download and print pleading and exhibit (12 pages), review and research citations in pleading, review exhibit, and receive and review notice of electronic filing (R. Doc. 35). | | | 0.50 |
| 11/20/16 | 0.1 | Receive and review Notice of Deficient Document for Defendant's Memorandum in Opposition | 0.10 | Simple ECF review | 0.00 |
| 11/20/16 | 0.1 | Receive and review Correction of Docket Entry by Clerk for Memorandum in Opposition (R. Doc. 36) | 0.10 | Simple ECF review | 0.00 |
| 12/20/16 | 1.3 | Draft and file Motion for Leave of Court to File Reply with memorandum of law and proposed order, and receive and review notice of electronic filing from E.D.La. (R. Doc. 37). | | | 1.30 |
| 12/20/16 | 0.2 | Draft and file Motion to Seal Document (R. Doc. 38). | | | 0.20 |
| 12/21/16 | 1.2 | Drive to E.D.La. to hand deliver sealed document to Judge's chambers and to E.D.La. Clerk, and return to Plaintiff's office in Metairie, LA. | 1.20 | Clerical task | 0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 12/21/16 | 0.1 | Receive and review Order granting Motion to Seal Document (R. Doc. 39). | 0.10 | Simple ECF review and review of simple order granting motion to seal | 0.00 |
| 12/21/16 | 0.1 | Receive and review Order granting Motion for Leave to File Response (R. Doc. 40). | 0.10 | Simple ECF review and reivew of simple order granting leave to file response | 0.00 |
| 12/21/16 | 0.1 | Receive and review Response memorandum of law, download pleading, and receive and review notice of electronic filing from E.D.La. (R. Doc. 41). | | | 0.10 |
| 12/22/16 | 0.1 | Receive and review Order and Reasons (R. Doc. 41). | | | 0.10 |
| 01/03/16 | 4.5 | Research issues, draft Motion for FOIA fees, draft and scan exhibits (R. Doc. 42). | | | 4.50 |
| 01/04/16 | 0.1 | File Motion for FOIA Fees with exhibits, and receive and review notice of electronic filing from E.D.La. (R. Doc. 42) | | | 0.10 |
| 01/09/17 | 1.6 | Receive and review Defendant's Motion for Summary Judgment, download and print pleading, receive and review notice of electronic filing and research cited cases (R. Doc. 44). | | | 1.60 |
| 01/11/17 | 1.9 | Receive and review Defendant's Motion for Reconsideration, download and print pleading, receive and review notice of electronic filing and research cited cases (R. Doc. 45). | | | 1.90 |
| 01/11/17 | 0.1 | Receive and review Defendant's Motion to Expedite, download and print pleading, receive and review notice of electronic filing and research cited cases (R. Doc. 46). | | | 0.10 |

| | | | | | |
|---|---|---|---|---|---|
| 01/12/17 | 0.1 | Receive and review Order (R. Doc. 47). | 0.10 | Simple ECF review and review of simple order on motion to expedite | 0.00 |
| 01/28/17 | 2.1 | Draft Plaintiff's Opposition to Defendant's Motion for Reconsideration, Statement of Material Facts, Memorandum, and Proposed Order, file Plaintiff's opposition to Defendant's Motion for Reconsideration, and receive and review notice of electronic filing from E.D.La. (R. Doc. 48). | | | 2.10 |
| 01/28/17 | 0.3 | Draft Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Statement of Material Facts, Memorandum, and Proposed Order, file Plaintiff's opposition to Defendant's Motion for Summary Judgment, and receive and review notice of electronic filing from E.D.La. (R. Doc. 49). | | | 0.30 |
| 01/31/17 | 3.1 | Receive and review Defendant's memorandum in opposition to Plaintiff's motion for fees and costs with exhibits, download and print pleading and exhibits, review and research citations in pleading, review exhibits, and receive and review notice of electronic filing (R. Doc. 50). | | | 3.10 |
| 02/06/17 | 2.1 | Draft and file Motion for Leave of Court to File Reply with memorandum of law and proposed order, scan and file exhibits, and receive and review notice of electronic filing from E.D.La. (R. Doc. 51). | | | 2.10 |
| **59.0    Total Hours** | | | | | **52.6** |

3. *Johnson Factors*

USCIS argues that only the second, fourth, eighth and twelfth <u>Johnson</u> factors were not addressed in the lodestar analysis and these factors militate in favor of a further reduction of the attorney's fee award. Gahagan submits that the Johnson factors support the requested award. The Court has already considered the time and labor required (factor 1); novelty and difficulty of the issues (factor 2); skill required to perform the legal services properly (factor 3); customary fee (factor 5); whether the fee is fixed or contingent (factor 6); experience, reputation, and ability of the attorney (factor 9); and awards in similar cases (factor 12). Gahagan argues that this representation precluded him from taking other work that could command a $5,000 fee (factor 4). It appears Gahagan has made this same argument in other cases before this Court. The claim is unsubstantiated. Further, because Gahagan has repeatedly referred to his FOIA cases taking away from other work commanding a $5,000 fee,  the Court cannot determine whether it was the work in this case in particular that resulted in Gahagan turning away paying work. This factor does not favor an increase. The Court takes note of the time limitations imposed by the client (factor 7) because the Receipt Notice was needed in Gahagan's client's removal proceedings. This factor helps explain why aggressive litigation was necessary to enforce FOIA and supports the Court's award above, although it does not justify an increase. USCIS argues that the results obtained (factor 8) favor a reduction in the award, but the Court disagrees because through this litigation, Gahagan was able to obtain the document he needed and was looking for. This factor supports the award above, but does not favor an increase. Gahagan notes the undesirability of this case because he was required to go through this costly litigation to obtain a document for his client's immigration proceedings. As with factor 7, while this supports the award, it does not merit an increase. Unlike the civil rights litigation Gahagan cites, Gahagan has not vindicated a constitutional right through

this action. As to factor 11, the nature and length of professional relationship with the client, Gahagan notes simply that he represented his client pro se. The Court finds this factor does not bear on the award here.

The Johnson factors support the award discussed above, but do not require an increase or decrease. Accordingly, the Court finds that Gahagan is entitled to the attorney's fees calculated using the lodestar ($8,416) plus his costs (which USCIS does not appear to dispute) of $451.47, for a total award of $8,867.47.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the Motion for Attorney's Fees and Costs (Rec. Doc. 43) be GRANTED in part and USCIS be ordered to pay Gahagan $8,867.47.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 27th day of April, 2017.

Janis van Meerveld
United States Magistrate Judge