UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


MICHAEL W. GAHAGAN                                    CIVIL ACTION

v.                                                    NO. 16-15438

UNITED STATES CITIZENSHIP                             SECTION "F"
AND IMMIGRATION SERVICES


ORDER AND REASONS

Before the Court are objections by United States Citizenship and Immigration Services (USCIS) to the magistrate judge's Report and Recommendation that the plaintiff shall be awarded attorney's fees and costs in this Freedom of Information Act litigation. For the reasons that follow, the USCIS's objection that the Report errs in allowing attorney's fees under FOIA for a *pro se* attorney is SUSTAINED, but USCIS's objection concerning the Report's public benefit finding and in weighing the entitlement factors is OVERRULED, and USCIS's final objection seeking a more substantial reduction in the plaintiff's fee award is MOOT. Accordingly, the Court hereby REJECTS in part and ADOPTS in part the Report and Recommendation. The plaintiff may recover $451.47 in costs.

**Background**

This Freedom of Information Act lawsuit arises out of a government agency's failure to adequately search for and produce a single agency record requested by the plaintiff in connection with the plaintiff's client's ongoing immigration removal proceeding. This Order and Reasons assumes familiarity with extensive prior proceedings. After being ordered to conduct an adequate search for Michael Gahagan's client's I-485 Receipt Notice (I-797C Notice of Action), the United States Citizenship and Immigration Services (USCIS) ultimately produced to Mr. Gahagan what USCIS insists is a "recreated" receipt notice. After Mr. Gahagan acknowledged that he had "no objection to accepting [the I-797C Receipt Notice] produced" by USCIS (the so-called regenerated receipt notice), the Court denied as moot the only remaining portion of plaintiff's motion for summary judgment (that is, the only issue that was under submission after the Court granted, in part, the plaintiff's motion for summary judgment on the issue of the agency's inadequate search). See Order and Reasons dtd. 12/22/16. The Court then denied USCIS's motion for reconsideration, denied as moot USCIS's motion for summary

judgment, and referred to the magistrate judge the plaintiff's motion for attorney's fees. <u>See</u> Order and Reasons dtd. 3/8/17.

Magistrate Judge van Meerveld issued a thorough and considered Report and Recommendation, recommending that the Court grant in part the motion for attorney's fees and costs, ultimately recommending that the Court award attorney's fees in an amount less than that requested by the plaintiff. In its objections to the Report and Recommendation, USCIS urges the Court to sustain its objections, reject the Report, and deny Gahagan's motion for attorney's fees.[1]

I.

Pursuant to Rule 72(a) and 28 U.S.C. § 636(b)(1), USCIS requests that the Court set aside Magistrate Judge van Meerveld's April 27, 2017 Report and Recommendation, in which the plaintiff's motion for attorney's fees and costs was granted in part, recommending that the plaintiff be awarded $8,867.47 (inclusive of $451.47 in costs).

---

[1] Mr. Gahagan filed a response to USCIS's objections, and USCIS filed reply papers.

The Court referred Gahagan's motion for attorney's fees to Magistrate Judge van Meerveld pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  Once a party files specific objections, as USCIS has done here, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In resolving objections, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

## II.

### *A.*

USCIS presents four objections to Magistrate Judge van Meerveld's Report & Recommendation: (1) The Report errs in allowing attorney's fees under FOIA for a *pro se* attorney.  (2) Gahagan is not eligible for attorney's fees under FOIA.  (3) The Report errs in finding the existence of a public benefit and in weighing the entitlement factors.  (4) The Report errs in reducing Gahagan's fee award by only 20% given his clear absence of billing judgment.  USCIS concedes that its second objection is controlled by this Court's prior denial of USCIS's motion to reconsider and motion for summary judgment; therefore, USCIS's second objection is

preserved for appellate purposes, but the Court need only address its three remaining objections.

*B.*

It is undisputed that, under FOIA, the Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). The magistrate judge correctly observes, and neither side objects, that courts interpret this permissive, statutory language as creating a two-pronged inquiry into whether the complainant is both (1) eligible for attorney's fees because he has substantially prevailed and (2) entitled to attorney's fees considering "a variety of factors to determine whether the plaintiff should receive fees." Batton v. I.R.S., 718 F.3d 522, 525 (5th Cir. 2013)(quoting Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 524 (D.C. Cir. 2011)).

> 1. Whether a *pro se* attorney-litigant is eligible to recover attorney's fees under FOIA.

USCIS's first objection to the magistrate judge's Report and Recommendation presents a threshold question of whether Gahagan, who is an attorney proceeding in this litigation *pro se*, is precluded from recovering attorney's fees under FOIA. USCIS

5

submits that the Supreme Court has ruled that an attorney litigant proceeding *pro se* cannot recover attorney's fees under a fee-shifting statute, 42 U.S.C. § 1988 similar to FOIA's, and that, in so ruling, the Supreme Court implicitly overruled Fifth Circuit precedent that previously held that *pro se* attorneys may recover attorney's fees under the FOIA fee-shifting provision. The Court agrees.

USCIS objects to the magistrate judge's finding that Gahagan was not disqualified from recovering attorney's fees simply because he represented himself. In so finding, the magistrate judge rejected USCIS's argument that, as a matter of law, Gahagan cannot be awarded attorney's fees because he is a *pro se* attorney-litigant. In footnote 1 of the Report and Recommendation, the magistrate judge noted that this Court is "bound by Fifth Circuit precedent indicating that FOIA attorney's fee provision is subject to a different analysis than that expressed in Kay and that under such analysis, a *pro se* attorney can obtain attorney's fees in a FOIA action."

To support its contention that the magistrate judge erred in finding that Mr. Gahagan is eligible to recover attorney's fees, USCIS invokes Kay v. Ehrler, 499 U.S. 432, 438 (1991). There, the Supreme Court held that a *pro se* attorney is not entitled to an

award of attorney's fees under the fee-shifting provision of the Civil Rights Act, 42 U.S.C. § 1988. The high court reasoned that "the overriding statutory concern is the interest in obtaining independent counsel for victims of civil rights violations" and that "Congress was interested in ensuring the effective prosecution of meritorious claims." Id. at 437-38. In fashioning the bright line rule, the unanimous Court observed that neither the text of the statute nor its legislative history provided a clear answer to the question it faced; the Court underscored that "the word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988." Id. at 437. Thus, after examining the words and purpose of the fee-shifting statute, the Court embraced the rule precluding awards of counsel fees to pro se litigants. Id. ("A rule that authorizes awards of counsel fees to pro se litigants--even if limited to those who are members of the bar--would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.").

Notably, in Kay, the Supreme Court observed that the district court and Sixth Circuit had denied the petitioner's request for

7

attorney's fees under Section 1988 by relying in part on a FOIA

case, Falcone v. IRS, 714 F.2d 646 (6th Cir. 1983), cert. denied,

466 U.S. 908 (1984).[2]   In affirming, a unanimous Supreme Court

cited with approval to Falcone, the FOIA case, observing:

> In Falcone, the Court of Appeals declined to award
> attorney's fees to a *pro se* attorney in a successful
> action under the Freedom of Information Act (FOIA), 5
> U.S.C. § 552.  The Court of Appeals reasoned that
> attorney's fees in FOIA actions were inappropriate
> because the award was intended "to relieve plaintiffs
> with legitimate claims of the burden of legal costs" and
> "to encourage potential claimants to seek legal advice
> before commencing legislation."  714 F.2d at 647.  The
> court relied on the fact that "[a]n attorney who
> represents himself in litigation may have the necessary
> legal expertise but is unlikely to have the 'detached
> and objective perspective' necessary to fulfill the aims
> of the Act."  Ibid. (citation omitted).

---

[2] The Sixth Circuit affirmed the district court "based upon our
rejection in Falcone of the proposition that opportunity costs
constitute actual pecuniary losses for which a *pro se* attorney
deserves compensation."  900 F.2d 967, 971 (6th Cir. 1990).
Indeed, the Sixth Circuit in Kay stated it was "bound to follow
the rationale of Falcone" as equally applicable to section 1988
cases.  Id. ("Assuming that Kay spent hours prosecuting this case
that he could have billed to clients, he has only failed to add to
the wealth of private practice.  He has not incurred any expenses
for legal representation, and, therefore, he cannot recover under
section 1988.  Falcone is a FOIA CASE, but that does not
distinguish it from this appeal.  Were we to hold that Kay's
opportunity costs constituted pecuniary losses, when we had
previously held that Falcone's opportunity costs were not, we would
begin classifying opportunity costs as legal expenses based upon
the substance of the *pro se* claim.  We find no authority for
awarding fees based on such a system.").

Kay, 499 U.S. at 1436 n.4. In so observing, "Kay implicitly rejected a distinction between fee claims arising under section 1988 and FOIA." See Burka v. U.S. Dept. of Health and Human Services, 142 F.3d 1286, 1289 (D.C. Cir. 1998); see also Benavides v. Bureau of Prisons, 993 F.2d 257, 259 (D.C. Cir.)(finding that Kay was binding on the issue of attorney's fees in FOIA cases because the Supreme Court had implicitly rejected a distinction between fee claims arising under section 1988 and FOIA), cert. denied, 510 U.S. 996 (1993).

Courts have uniformly embraced the bright line rule of Kay, applying it with equal force beyond Section 1988 to preclude the award of attorney's fees to attorney-litigants seeking to recover attorney's fees similarly provided by other federal fee-shifting statutes, notably, including FOIA. See, e.g., Ray v. United States Dept. of Justice, 87 F.3d 1250, 1252 (11th Cir. 1996)(finding that the fee shifting provision of section 1988 and FOIA are substantially similar, and the policies underlying the statutes are the same, and concluding that "the principles announced in Kay apply with equal force in this case to preclude the award of attorney's fees Ray seeks for his own work."). Indeed, since Kay was decided, "virtually all other courts that have considered this issue...have reached a similar conclusion." Burka v. U.S. Dept. of Health and Human Services, 142 F.3d 1286, 1289 (D.C. Cir.

1998)("It is obvious...that the Supreme Court intended its ruling [in <u>Kay</u>] to apply beyond section 1988 cases to other similar fee-shifting statutes, particularly the one in FOIA.  It is, in short, impossible to conclude otherwise than that *pro se* litigants who are attorneys are not entitled to attorney's fees under FOIA.").[3]

There is one post-<u>Kay</u> circuit decision, however, that approvingly referenced its pre-<u>Kay</u> precedent (which had held that lawyers who represent themselves in FOIA actions may recover under the fee-shifting provision) and noted, in dicta, that any FOIA complainant who has actually and reasonably incurred legal fees (including a lawyer who is a plaintiff) is included in the class of complainants eligible to recover under the FOIA fee-shifting provision.  That outlier position is occupied by the Fifth Circuit. See <u>Texas v. Interstate Commerce Commission (ICC)</u>, 935 F.2d 728 (5th Cir. 1991).  Notably, however, the Fifth Circuit failed to discuss (or even mention) <u>Kay</u> when it decided <u>ICC</u>, raising doubts about whether or not the Fifth Circuit or the attorneys involved

---

[3] Underscoring that <u>Kay</u>'s reasoning is not confined to Civil Rights Attorney's Fees Awards Act cases, in addition to applying the rule of <u>Kay</u> to FOIA's fee-shifting provision, courts have applied it to deny fees to *pro se* lawyers under the Equal Access to Justice Act, <u>SEC v. Price Waterhouse</u>, 41 F.3d 805, 808 (2d Cir. 1994) and to the common fund doctrine, <u>Zucker v. Westinghouse Elec.</u>, 374 F.3d 221, 228-29 (3d Cir. 2004).

in the case considered <u>Kay</u> at all, both of which were decided in
1991.

To determine whether, as USCIS submits, the Court should apply
the bright line rule of <u>Kay</u> to preclude as a matter of law Gahagan's
attorney fee award, the Court must examine both <u>Cazalas v. United
States Dept. of Justice</u>, 709 F.2d 1051 (5th Cir. 1983), which was
decided eight years before <u>Kay</u>, and <u>Texas v. Interstate Commerce
Commission</u>, 935 F.2d 728 (5th Cir. 1991), which was decided just
three months after.  Eight years before <u>Kay</u>, in <u>Cazalas</u>, the Fifth
Circuit "confront[ed] an issue of first impression[], namely
whether an attorney litigant proceeding *pro se* is entitled to an
award of attorney fees under the FOIA."  709 F.2d at 1055.  "That
a litigant attorney represents herself or himself," the 2-1 panel
held, "does not preclude an award of attorney fees under the FOIA."
<u>Id.</u> at 1057.[4]  In reaching its decision, the court noted that: it
had previously held that FOIA precluded an award of attorney fees
to a *pro se* litigant who was not an attorney; circuit courts had
not come to a definitive resolution on the issue, in particular,
that the Fourth Circuit had declined to award attorney's fees to
*pro se* attorneys in a Truth-in-Lending Act proceeding, but the

---

[4] <u>Cazalas</u> was decided 2-1, with Judge Garwood dissenting from the
majority's conclusion that an attorney litigant proceeding *pro se*
is eligible for an award of attorney fees under the FOIA.

Ninth Circuit had granted attorney fees to a defendant in a Civil Rights Attorney's Fees Awards Act case; and FOIA's legislative history indicates a "strong national policy of open government and the crucial role that attorney fees play in protecting this interest." Id. at 1055-57. Dissenting from the majority's holding that an attorney litigant proceeding *pro se* is eligible for an attorney fee award under FOIA, Judge Garwood focused on the text of the statutory fee provision and underscored that Congress did not intend to discriminate between *pro se* FOIA litigants solely on the basis of whether they were licensed to practice law. Id. at 1059-60 (Garwood, J., dissenting). Judge Garwood wrote that: (i) the plain text of the statute (allowing recovery only for "attorney fees ... incurred" by the litigant) "contemplate[s]...a situation where services are performed for the litigant by some other person" and (ii) the court's prior precedent "was...influenced by reading the Privacy Act and the FOIA attorney fees provisions as allowing recovery only for 'attorney fees...incurred' by the litigant." Id. Judge Garwood reasoned that "the statutory wording plainly contemplates payment for services rendered to the litigant by someone else, not payment for what the litigant does for himself." Id.

The question becomes whether the Cazalas holding survived Kay. Reading Kay and circuit court case literature that expressly

12

considered its impact demonstrates that <u>Kay</u> implicitly overruled
<u>Cazalas</u>.  The Supreme Court's express holding in <u>Kay</u> is clear:
*pro se* attorney litigants are not entitled to attorney's fees under
the fee shifting provision of the Civil Rights Attorney's Fees
Awards Act of 42 U.S.C. § 1988.  In reaching this conclusion, the
Supreme Court found it necessary to look beyond the statutory text
(and its legislative history), given that on the one hand attorneys
proceeding *pro se* are nevertheless "attorneys" within the meaning
of the statute, but on the other hand that the word "attorney"
necessarily assumes an agency, or attorney-client, relationship as
a predicate for an award under the fee shifting provision.  <u>Kay</u>,
499 U.S. at 435-36.  Indeed, the high court observed:

> In the end, we agree with the Court of Appeals that the
> overriding statutory concern is the interest in
> obtaining independent counsel for victims of civil
> rights violations.  We do not, however, rely primarily
> on the desirability of filtering out meritless claims.
> Rather, we think Congress was interested in ensuring the
> effective prosecution of meritorious claims.
>
> Even a skilled lawyer who represents himself is at a
> disadvantage in contested litigation....  The adage that
> "a lawyer who represents himself has a fool for a client"
> is the product of years of experience by seasoned
> litigators.
>
> A rule that authorizes awards of counsel fees to *pro se*
> litigants even if limited to those who are members of
> the bar would create a disincentive to employ counsel
> whenever such a plaintiff considered himself competent
> to litigate on his own behalf.  The statutory policy of
> furthering the successful prosecution of meritorious

claims is better served by a rule that creates an
incentive to retain counsel in every such case.

Id. at 436-437.

Thus, the Supreme Court held that an attorney who represents
himself in a successful civil rights action may not be awarded
reasonable attorney's fees as part of the costs.  What the Supreme
Court impliedly held is equally clear:  the same bright line rule
applies to attorneys representing themselves in successful actions
based on similar federal fee-shifting statutes fulfilling similar
statutory policies.  Statutes like FOIA.  That the Supreme Court
affirmed and acknowledged the district court's and Sixth Circuit's
reliance on the Sixth Circuit ruling in Falcone, a FOIA case, to
reach its conclusion in Kay, the Civil Rights Act fee-shifting
case, reinforces this Court's (and other circuit courts') findings
that Kay implicitly overruled cases (like Cazalas) holding that
attorney litigants are eligible to recover attorney's fees in
successful FOIA cases.  Id. at 435 n.4 (citing Falcone v. IRS, 714
F.2d 646 (6th Cir. 1983), cert. denied, 466 U.S. 908 (1984)).

The glitch with this Court's finding that Kay implicitly
overruled Cazalas becomes apparent when the Court considers a Fifth
Circuit panel's remarks in a case decided mere months after Kay,
Texas v. Interstate Commerce Commission, 935 F.2d 728 (5th Cir.

14

1991). There, the panel considered whether a State could be considered a "complainant" eligible to recover attorney fees under FOIA and, deciding that question in the affirmative, went on to consider whether the State of Texas was entitled to attorney fees where it provided no benefit to the public and none of the other discretionary criteria supported a fee award, and, finally, whether the State was entitled to receive attorney fees and costs under FOIA from a private party. Id. at 732-34. In other words, there was no attorney proceeding *pro se* in ICC; the issues presented to the ICC panel were distinct from the issue confronted by Cazalas, Kay, and this Court. The ICC panel did not need to determine what this Court must: whether an attorney proceeding *pro se* may recover attorney's fees under the fee-shifting provision of FOIA.

Nevertheless, in examining the district court's decision to deny Texas's motion for attorney fees under FOIA, the Fifth Circuit panel observed that in support of the district court decision, "the district court cited several decisions that in dicta discuss the purposes of the FOIA attorneys-fee provision." Id. at 730 and 731 n.8 (noting that the district court found dicta in Cazalas "especially compelling"). Without mentioning or acknowledging the Supreme Court decision in Kay decided just three months prior, the Fifth Circuit reiterated its holding in Cazalas that lawyers who

15

represent themselves in FOIA actions may recover under the fee-shifting provision.  But the issue of whether a *pro se* attorney may recover fees in a successful FOIA lawsuit was not presented to the ICC panel.  In holding that the State of Texas was eligible to recover attorney fees under FOIA, the panel goes on to observe:

> In sum, if a FOIA plaintiff has actually and reasonably incurred legal fees—that is, a lawyer has handled his case, even if the lawyer is the plaintiff himself—and if the plaintiff substantially prevailed, he may recover reasonable attorneys fees from the federal government, provided that the court finds that the four discretionary criteria are satisfied.  Any complainant who meets these conditions is included within the language of the statute.  No class of complainants—not even state governments—is excluded.

Id. at 731-32.  The Court need not determine how to reconcile ICC's remarks about Cazalas in light of Kay because ICC's mere reiteration of Cazalas's holding that a lawyer who is a plaintiff himself is eligible for attorney's fees under FOIA is dicta.[5]  To be sure, the Court is not bound by the Fifth Circuit's dicta in

---

[5] The Fifth Circuit instructs that:

> A statement is dictum if it could have been deleted without seriously impairing the analytical foundations of the holding and being peripheral, may not have received the full and careful consideration of the court that uttered it.  A statement is not dictum if it is necessary to the result or constitutes an explication of the governing rules of law.

Netsphere, Inc. v. Baron, 799 F.3d 327, 333 (5th Cir. 2015)(citation omitted).

the face of Supreme Court precedent to the contrary. Having found that Kay implicitly overruled the holding of Cazalas, that the ICC panel mentioned Cazalas's holding (a holding that was not essential to ICC's holding)[6] does not resurrect the holding of Cazalas.

In other words, the issues presented to and the holdings derived from Cazalas and ICC were distinct. By implicitly rejecting a distinction between fee claims arising under section 1988 and FOIA, Kay implicitly overruled Cazalas's explicit holding; but neither Kay's implicit holding nor Cazalas's explicit holding were an issue presented in ICC. Insofar as ICC can be read to reinforce Cazalas's holding post-Kay, it was unnecessary to resolve any of the issues presented in ICC. Indeed, the ICC panel itself noted that the district court had relied on cases discussing the purposes of FOIA, characterizing those discussions as dicta. See ICC, 935 F.2d at 730 and 731 n.8 (noting that the district court found dicta in Cazalas "especially compelling"). Had ICC confronted the implication of Kay on Cazalas (and the Court can only speculate as to the short duration of time between the

---

[6] In reaching its holding that state governments qualify as "complainants" under FOIA, the Fifth Circuit underscored that the statutory language was "clear," but noted that, even if it was "less clear," the legislative history supported its holding that Texas was eligible to recover attorney fees under FOIA. Again, ICC cited to Cazalas, which had "summarized the 'raison d'etre' of the fee-shifting provision."

issuance of Kay and ICC as to why it did not),[7] the holding reached

by the ICC panel would remain undisturbed:  state governments are

not categorically excluded as "complainants" under FOIA and,

therefore, in appropriate circumstances may be awarded attorney's

fees.  An issue presented neither to the Supreme Court in Kay nor

to this Court.  Thus, insofar as ICC's dicta (to reach its holding

on a distinct issue) contradicts an implicit holding of the Supreme

Court as well as express holdings of the Fifth Circuit's sister

circuit (Ray v. U.S. Dept. of Justice, 87 F.3d 1250 (11th Cir.

1996)), as well as other Circuits (see, e.g., Pietrangelo v. U.S.

Army, 568 F.3d 341 (2d Cir. 2009); Burka v. U.S. Dept. of Health

and Human Services, 142 F.3d 1286 (D.C. Cir. 1998)), the Court is

not bound by ICC's dicta.[8]

The only Fifth Circuit case to acknowledge the discrepancy

between Cazalas and Kay is an unpublished opinion issued 17 years

---

[7] Counsel for USCIS submits that the timing of the Kay and ICC decisions explains why ICC failed to address Kay:  neither the attorneys nor the panel knew that the Kay opinion had been rendered because the cases were decided so close in time.  Kay was argued on February 25, 1991 and decided on April 16, 1991, just three months before ICC was decided on July 18, 1991.  Even though ICC was decided after Kay, USCIS urges the Court to consider Kay intervening precedent.

[8] That Kay's bright line rule applies beyond the Civil Rights Act context is clear.  The Supreme Court has noted that Kay's interest "in having a party represented by independent counsel even when the party is a lawyer" is not limited to the Civil Rights Act, but is "systemic."  McNeil v. United States, 508 U.S. 106, 113 n.10 (1993)(Federal Tort Claims Act case).

ago in which the Fifth Circuit assumed without deciding that <u>Kay</u>

controls, but refused to reconcile the inconsistency.  <u>See</u> <u>Chin v.</u>

<u>United States Dept. of Air Force</u>, 220 F.3d 587 (5th Cir. 2000).

There, Douglas Chin, "the real party in interest" filed a FOIA

lawsuit against the Air Force. Chin and his attorney, Carlton

Folsom, were both plaintiffs in the lawsuit.[9]  Because "Folsom was

clearly acting on behalf of Chin and not on behalf of himself,"

the Fifth Circuit found that it was clear error for the district

court to deny attorney's fees on the basis that Folsom was

appearing *pro se*; in so doing, the Fifth Circuit assumed without

deciding that <u>Kay</u> overruled <u>Cazalas</u> and controlled the issue

presented.  <u>Id.</u> ("We need not decide whether <u>Cazalas</u>[] is rendered

moribund by <u>Kay</u>[].  Assuming, arguendo that [Kay] controls,....").

Because <u>Kay</u> implicitly overruled <u>Cazalas</u>, insofar as Mr. Gahagan

is appearing *pro se*, <u>Kay</u>'s bright line rule applies, rendering him

ineligible to recover attorney's fees in this FOIA case.[10]

---

[9] Folsom, the attorney, joined as a party in the lawsuit only after
the defendant sought to avoid the lawsuit on the grounds of
standing.

[10] Mr. Gahagan has contended in this proceeding that he brought
this FOIA litigation on behalf of a client he represents in
immigration removal proceedings.  But this does not alter the fact
that his client is not named as the real party in interest (<u>see</u>
Fed. R. Civ. P. 17(a)), nor does it alter the fact that Mr. Gahagan
is, by definition, a *pro se* attorney-litigant, rendering him
ineligible for attorney's fees.  <u>See</u> <u>Burka</u>, 142 F.3d at 1290-91.

Two issues remain:

2.   Whether the magistrate judge erred in finding the existence of a public benefit and in weighing the entitlement factors.

3.   Whether a more substantial reduction in Gahagan's fee award is warranted due to absence of billing judgment.

Having determined that Mr. Gahagan is ineligible to recover attorney's fees under Kay, the Court need not reach USCIS's objection regarding whether the magistrate judge erred in finding a public benefit and in weighing entitlement factors. However, insofar as Mr. Gahagan might be eligible to recover costs, the Court leaves undisturbed the magistrate judge's finding as to the existence of a public benefit and in weighing entitlement factors. USCIS's objection to the magistrate judge's finding of a public benefit and weighing of the entitlement factors is OVERRULED and the Court adopts the Report and Recommendation as necessary to support an award of costs under 5 U.S.C. § 552(a)(4)(E)(i).[11] Having determined that Mr. Gahagan is ineligible to recover attorney's fees under Kay, the Court need not reach USCIS's final

---

[11]   5 U.S.C. § 552(a)(4)(E)(i) provides:

The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

objection seeking a more substantial reduction in Gahagan's attorney fee award.

Although the Court finds that Mr. Gahagan is not eligible to recover <u>attorney's</u> fees under <u>Kay</u>, considering this Court's prior rulings as to eligibility as well as its *de novo* review of the magistrate judge's thorough consideration of Mr. Gahagan's eligibility and entitlement to costs, Mr. Gahagan may recover $451.47 in costs under 5 U.S.C. § 552(a)(4)(E)(i).[12]

\*\*\*

Accordingly, for the foregoing reasons, IT IS ORDERED: that USCIS's objection to the magistrate judge's finding that Mr. Gahagan is eligible for attorney's fees under <u>ICC</u> is hereby SUSTAINED and the magistrate judge's Report and Recommendation is REJECTED in part, but USCIS's objection to the magistrate judge's finding as to the existence of a public benefit and in weighing entitlement factors is OVERRULED and the magistrate judge's Report and Recommendation is ADOPTED in part. Finally, USCIS's objection concerning the quantum of attorney's fees is MOOT. Thus, IT IS FURTHER ORDERED: that Mr. Gahagan's motion for attorney's fees is DENIED, but his request for costs is GRANTED. Mr. Gahagan is

---

[12] It is undisputed that Mr. Gahagan incurred costs in the amount of $451.47.

entitled to recover $451.47 in costs under 5 U.S.C. §
552(a)(4)(E)(i).

New Orleans, Louisiana, September 12th, 2017

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE